UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE D. JOHNSON, #317128,

       Plaintiff,

                                CASE NO. 2:16-CV-13045
v.                             HONORABLE GERALD E. ROSEN

TAMMARA CORLEY, et al.,

       Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION
TO AMEND BUT DISMISSING HIS CIVIL RIGHTS COMPLAINT
AND CONCLUDING THAT AN APPEAL
CANNOT BE TAKEN IN GOOD FAITH**

**I.    INTRODUCTION**

Michigan prisoner Terrance D. Johnson ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 challenging the validity of his 2012 probation revocation. In 2009, Plaintiff pleaded guilty to first-degree home invasion and aggravated stalking in the Saginaw County Circuit Court and was sentenced to five years probation. In 2012, Plaintiff was found guilty of violating the terms of his probation by engaging in assaultive behavior and re-sentenced to 15 to 30 years imprisonment. Plaintiff appealed that decision in the state courts, but was denied relief. *People v. Johnson*, No. 315577 (Mich. Ct. App. Nov. 14, 2013); *People v.*

*Johnson*, 495 Mich. 994, 845 N.W.2d 125 (2014). He also sought federal habeas review, but was denied relief. *Johnson v. Woods*, No. 2:14-CV-14319 (E.D. Mich. Feb. 5, 2016).

In his current complaint, Plaintiff asserts that his Fourth, Fifth, and Fourteenth Amendments were violated by the use of false/fraudulent information during his probation revocation proceedings. Plaintiff names probation officers, supervisors, and the Saginaw County Circuit Court Probation Department as the defendants in this action and sues them in their personal and official capacities. He seeks monetary damages for his alleged unconstitutional imprisonment. The Court has granted Plaintiff leave to proceed without prepayment of the fees and costs for this action. *See* 28 U.S.C. § 1915(a)(1).

## II.   DISCUSSION

### A.   Motion to Amend

As an initial matter, Plaintiff seeks to amend his complaint to add an additional probation officer as a defendant and to identify a previously-named John/Jane Doe defendant. Under the Federal Rules of Civil Procedure, a party may amend his or her pleadings once as a matter of course within 21 days after serving it or within 21 days after service of a responsive pleading. *See* Fed. R. Civ. P. 15(a)(1). Since service has not yet been effectuated and a responsive pleading has not yet been filed in this case,

Plaintiff has the right to amend his complaint. Accordingly, the Court **GRANTS** Plaintiff's motion to amend and shall consider the complaint as amended.

### B.  Complaint

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice

of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

Plaintiff's complaint is subject to dismissal. As noted, Plaintiff challenges his probation revocation in his complaint – essentially asserting that his constitutional

4

rights were violated because one of the charging documents indicated that he had also been criminally charged for the actions underlying the probation revocation, *See* Complaint, Attach. A, when he had not been so charged. At the probation revocation hearing, however, the trial court specifically found that no criminal charges were pending. *See* Complaint, Attach. B.

A claim under 42 U.S.C. § 1983 is an appropriate remedy for a prisoner challenging a condition of imprisonment. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Since Plaintiff contests the probation revocation decision, however, he actually seeks habeas corpus relief because such a claim concerns the validity of confinement. Ruling on the claims raised would necessarily imply the invalidity of the probation revocation decision and Plaintiff's confinement in prison. Such claims are not properly brought under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id.* at 487-89.

The United States Supreme Court has affirmed that "a state prisoner's § 1983

5

action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The *Heck* doctrine applies to claims challenging state probation revocation proceedings. *See Noel v. Grzesiak*. 96 F. App'x 353, 354 (6th Cir. 2004) (citing *Crow, infra*); *Norwood v. Michigan Dep't of Corr*., 67 F. App'x 286, 287 (6th Cir. 2003); *accord Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) ("[Heck] applies to proceedings that call into question the fact or duration of parole or probation."); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (same).

In this case, the allegations in Plaintiff's complaint go to the propriety of the parole revocation decision itself such that ruling in his favor would necessarily demonstrate the invalidity of his incarceration. Such claims are barred by *Heck*. Because Plaintiff's challenge to his probation revocation would necessarily imply the impropriety of his confinement, and since that decision has not been overturned or otherwise declared invalid, his civil rights complaint contesting that decision must be dismissed.

### III.   CONCLUSION

For the reasons stated, the Court **GRANTS** Plaintiff's motion to amend his civil rights complaint, but **DISMISSES** without prejudice that complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  The Court also concludes that an appeal from this order cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Gerald E. Rosen
United States District Judge

Dated:  September 27, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 27, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135